Larry R. Laycock (4868)
larry.laycock@dentons.com
Clinton E. Duke (9784)
clinton.duke@dentons.com
Landon T. Laycock (17259)
landon.laycock@dentons.com
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, UT  84111
Telephone: (801) 415-3000
Facsimile: (801) 415-3500

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| East Mountain Outfitters LLC dba VelociRax,<br><br>Plaintiff,<br><br>vs.<br><br>JB Racks Pty Ltd, an Australian proprietary company, limited by shares.<br><br>Defendants. | Case No. 2:25-cv-00094-DBB<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Judge David Barlow |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff East Mountain Outfitters LLC dba VelociRax ("**VelociRax**" or "**Plaintiff**"), by and through undersigned counsel, respectfully alleges, states, and prays as follows:

## NATURE OF THE CASE

1.    This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code, §§ 271 and 281, *et seq.* against JB Racks Pty Ltd ("**JB**" or

"**Defendant**"), for infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff for U.S. Patent No. 11,554,724 (the "'724 Patent"), which is attached hereto as **Exhibit 1** and incorporated herein by reference, and for infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff for U.S. Patent No. 11,572,022 (the "'022 Patent"), which is attached hereto as **Exhibit 2** pursuant to 35 U.S.C. § 271, to recover damages, attorneys' fees and costs.

## PARTIES

2.     Plaintiff East Mountain Outfitters LLC dba VelociRax is a limited liability company formed under the laws of Utah having its principal place of business at 520 South 850 East, B5, Lehi, UT, 84043, USA.

3.     On information and belief, Defendant JB Racks Pty Ltd is an Australian Proprietary Company, Limited By Shares, organized under the laws of Australia having its principal place of business at 81 Pine Avenue Glenelg North, Adelaide, Australia 5045.

## JURISDICTION AND VENUE

4.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

5.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over the Defendant due to their systematic and continuous business and acts of patent infringement and/or have induced acts of patent infringement by others in this district and/or have contributed to patent infringement by others in this district, the State of Utah and throughout the United States.

7.      Defendant is subject to this Court's specific and general jurisdiction pursuant to their substantial business in this forum, including (i) at least part of their past infringing activities alleged herein; (ii) regularly doing or soliciting business; and (iii) deriving substantial revenue from goods and services provided to customers in this district.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) and/or 28 U.S.C. § 1391(b) and (c) due to the Defendant's acts of infringement and Defendant's status as a foreign entity not residing in the United States.

## FACTUAL BACKGROUND

9.      The United States Patent and Trademark Office (the "**USPTO**") duly and legally issued U.S. Patent No. 11,554,724, entitled "BICYCLE RACK WITH C-HOOPS," on January 17, 2023 after a full and fair examination. The '724 Patent is attached hereto as Exhibit 1 and incorporated herein as if fully rewritten.

10.     The '724 Patent is valid and enforceable.

11.     VelociRax is the owner of all rights, title, and interests in and to the '724 Patent by assignment.

12.     VelociRax is asserting at least claim 1 of the '724 Patent against JB, whose products infringe at least this claim literally or under the doctrine of equivalents.

13.     JB has offered and continues to offer for sale Accused Products that infringe, either directly or indirectly and either literally or under the doctrine of equivalents, one or more valid claims of the '724 Patent. The Accused Products are sold and offered for sale in this district by or on behalf of JB.

UC_7678350.1

14.     The USPTO, duly and legally issued U.S. Patent No. 11,572,022, entitled "SPORTS EQUIPMENT CARRIER AND STORAGE RACK," on February 7, 2023 after a full and fair examination. The '022 Patent is attached hereto as Exhibit 2 and incorporated herein as if fully rewritten.

15.     The '022 Patent is valid and enforceable.

16.     VelociRax is the owner of all rights, title, and interests in and to the '022 Patent by assignment.

17.     VelociRax is asserting at least claim 1 of the '022 Patent against JB, whose products infringe at least claim 1 literally or under the doctrine of equivalents.

18.     JB has offered and continues to offer for sale Accused Products that infringe, either directly or indirectly and either literally or under the doctrine of equivalents, one or more valid claims of the '022 Patent. The Accused Products are sold and offered for sale in this district by or on behalf of JB.

19.     On December 19, 2024, counsel for VelociRax sent JB a letter making JB aware of the '724 Patent and the '022 Patent, and of JB's infringement thereof.  This letter included a copy of both the '724 Patent and the '022 Patent, as well as claim charts showing how JB's bike racks infringed at least claim 1 of the '724 Patent and claim 1 of the '022 Patent. This December 19, 2024 letter (and attached claim charts) is attached hereto as **Exhibit 3** and incorporated herein.

20.     On December 20, 2024, counsel for VelociRax received an email from Alex Ferrante of Australian Patent and Trademark Services Pty Ltd, which stated that: "We have been engaged by JB Racks Pty Ltd in this matter. However our Office is already closed, and we are

unable to fully consider and respond to your cease and desist demand until our Office re-opens in the new year." Mr. Ferrante's email further stated that, "it will be impossible to respond to your demand letter by the specified date . . . and we would anticipate needing until at least February 13, 2025." Counsel for VelociRax responding and stated, "Please appreciate that any continuing infringement constitutes willful/intentional infringement, including enhancement of damage recovery by my client. We urge expeditious compliance with the cease and desist demand." A true and accurate printout of this correspondence is attached hereto as **Exhibit 4**.

21.     JB continued to advertise its infringing goods through a variety of social media advertisements. Attached hereto as **Exhibit 5** is one example of an advertisement that was run by JB on Instagram.

22.     On January 3, 2025, counsel for VelociRax sent JB a second demand letter to counsel for JB (Mr. Ferrante) to remind JB of the '724 Patent and the '022 Patent, and of JB's willful/intentional infringement thereof.  This January 3, 2025 letter is attached hereto as **Exhibit 6** and incorporated herein.

23.     To date, JB has not provided counsel for VelociRax with any substantive response to VelociRax's various demand letters.

24.     Despite JB's knowledge and notice of VelociRax's rights in and to the '724 Patent and the '022 Patent at least as early as December 19, 2024, JB has continued to sell infringing products throughout the United States.

25.     On the contrary. It appears that in late 2024 and early 2025, JB initiated concerted efforts to expand at least its social media advertising of JB's infringing, competing bike rack products in the U.S.

26.     Upon information and belief, JB's Accused Products include at least its 3 Bike Rack (Vertical), its 4 Bike Rack (Vertical), its 5 Bike Rack (Vertical), and its 6 Bike Rack (Vertical).

**FIRST CAUSE OF ACTION**
**(Infringement of U.S. Patent No. 11,554,724)**

27.     Each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

28.     VelociRax has not licensed or otherwise authorized JB to make, test, use, offer for sale, sell, or import any products that embody the inventions of the '724 Patent.

29.     JB has had knowledge of infringement of the '724 Patent at least as early as its receipt of VelociRax's December 19, 2024 letter.

30.     As shown in the claim charts that are included in Exhibits 3 and 6 hereto, JB has infringed and continues to knowingly and intentionally directly infringe the '724 Patent, including at least claim 1 of the '724 Patent, literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, testing, using, offering for sale, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '724 Patent.

31.     JB has infringed and continues to indirectly infringe one or more claims of the '724 Patent by knowingly and intentionally inducing others, including customers and end-users, to directly infringe, literally or under the doctrine of equivalents, by making, using, testing, offering to sell, selling and/or importing into the United States products that include infringing technology protected by the '724 Patent, which are not staple articles nor commodities of commerce suitable for substantial noninfringing use.

UC_7678350.1

32.     JB induced infringement by others, including customers and end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including customers and end users, infringe the '724 Patent, but remaining willfully blind to the infringement.

33.     As a result of JB's infringement of the '724 Patent, VelociRax has suffered monetary damages and is entitled to a monetary judgement in an amount adequate to compensate for JB's past infringement, together with interests and costs.

34.     The claim charts included in Exhibits 3 and 6 are for the purpose of meeting the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and do not include each and every one of VelociRax's contentions of infringement. VelociRax reserves the right to provide additional infringement contentions and proposed claim constructions in accordance with this Court's rules and procedures.

## SECOND CAUSE OF ACTION
### (Infringement of U.S. Patent No. 11,572,022)

35.     Each of the foregoing paragraphs are incorporated by reference as if fully set forth herein.

36.     VelociRax has not licensed or otherwise authorized JB to make, test, use, offer for sale, sell, or import any products that embody the inventions of the '022 Patent.

37.     JB has had knowledge of infringement of the '022 Patent at least as early as its receipt of VelociRax's December 19, 2024 letter.

38.     As shown in the claim charts that are included in Exhibits 3 and 6 hereto, JB has infringed and continues to knowingly and intentionally directly infringe the '022 Patent, including at least claims 1 of the '022 Patent, literally or under the doctrine of equivalents,

UC_7678350.1

without authority and in violation of 35 U.S.C. § 271, by making, testing, using, offering for sale, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '022 Patent.

39.     JB has infringed and continues to indirectly infringe one or more claims of the '022 Patent by knowingly and intentionally inducing others, including customers and end-users, to directly infringe, literally or under the doctrine of equivalents, by making, using, testing, offering to sell, selling and/or importing into the United States products that include infringing technology protected by the '022 Patent, which are not staple articles nor commodities of commerce suitable for substantial noninfringing use.

40.     JB induced infringement by others, including customers and end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including customers and end users, infringe the '022 Patent, but remaining willfully blind to the infringement.

41.     As a result of JB's infringement of the '022 Patent, VelociRax has suffered monetary damages and is entitled to a monetary judgement in an amount adequate to compensate for JB's past infringement, together with interests and costs.

42.     The claim charts included in Exhibits 3 and 6 are for the purpose of meeting the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and do not include each and every one of VelociRax's contentions of infringement. VelociRax reserves the right to provide additional infringement contentions and proposed claim constructions in accordance with this Court's rules and procedures.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VelociRax prays for the following relief:

(a) That JB be adjudged to have infringed one or more of the claims of the '724 Patent and the '022 Patent directly and/or indirectly, literally and/or under the doctrine of equivalents;

(b) That JB provide an accounting of all infringing sales and damages including, without limitation, those sales and damages not presented at trial;

(c) An award of all damages to which VelociRax is entitled under 35 U.S.C. §§ 284 and/or 289 for all past and continuing infringement, including without limitation, at least reasonable royalties;

(d) An award of enhanced damages in accordance with 35 U.S.C. § 284 as a result of JB's knowing and willful infringement;

(e) A finding that this case is exceptional under 35 U.S.C. § 285 and an award of all of VelociRax's attorneys' fees incurred in connection with this case;

(f) An assessment of pre-judgment and post-judgment interest and costs against JB and an award of such interest and costs in accordance with 35 U.S.C. § 284;

(g) An award of any such other and further relief as this Court may deem reasonable and appropriate.

## JURY DEMAND

Pursuant to Rule 39 of the Federal Rules of Civil Procedure, VelociRax hereby demands a trial by jury on all issues that are triable by a jury.

DATED: February 10, 2025

**DENTONS DURHAM JONES PINEGAR, P.C.**

*/s/ Larry R. Laycock*
Larry Laycock
Clinton E. Duke
Landon T. Laycock
*Attorney for Plaintiffs*

UC_7678350.1